Robert J. Stolarik, J.
Plaintiff moves for summary judgment pursuant to CPLR 3212.
The cause of action arises from the alleged nonpayment by defendants of a balance of $1,554.38 due on a note given by defendants to plaintiff on June 22, 1974.
Defendants oppose the motion for summary judgment alleging that there exist triable issues of fact as to whether plaintiff violated the provisions of the Truth in Lending Act (US Code, tit 15, § 1601 et seq.) and, regardless, that since defendants were Spanish speaking persons, the disclosures required by said act must be made in Spanish.
Defendant contends that plaintiff violated the following provisions of the Truth in Lending Act by:
(1). Failing to disclose the amount of the ñnance charge as required by title 15 (§ 1638, subd [a], par [7]) of the United States Code and section 226.8 (c) (8) (i) of Regulation Z. (12 CFR 226.8 [c] [8] [i].)
(2.) Failing to disclose the annual percentage rate of the ñnance charge as required by title 15 (§ 1638, subd [a], par [7]) and section 226.8 (b) (2) of Regulation Z.
(3.) Failing to disclose the total payments scheduled to repay *13 the indebtedness as required by title 15 (§ 1638, subd [a], pars [1]-[10]) and section 226.8 (b) (3) of Regulation Z.
(4.) Failing to make all of the disclosures required by the act before the transaction was consummated as required by section 226.8 (c) of Regulation Z.
(5.) Failing to furnish Manuel Mora and Yolanda Mora with a duplicate of the instrument containing the required disclosures at the time the disclosures were made, as required by section 226.8 (a) of Regulation Z.
(6.) By failing to identify the method to be used in computing the default on delinquency charges payable in the event of a late installment payment as required by title 15 (§ 1638, subd [a], par [9]) and section 226.8 (b) (4) of Regulation Z.
(7.) If any of the disclosures were made as required by statute, they were not meaningful by reason of defendants Manuel Mora and Yolanda Mora’s inability to read, write or speak English.
The court having reviewed the face of the note in question finds that plaintiff has complied with the provisions of the Federal Truth in Lending Act (US Code, tit 15 § 1638) and Federal Reserve Regulation Z, by properly disclosing the amount of the finance charge, the annual percentage rate of the finance charge, the total payments scheduled to repay the indebtedness and the method to be used in computing the default on delinquency charges payable in the event of a late installment payment.
However, defendant contends that plaintiff failed to make all of the required disclosures before the transaction was consummated. Plaintiff contends such disclosures were made prior to the consummation of the transaction.
In addition, defendants Manuel Mora and Yolanda Mora contend that they were not furnished a duplicate of the instrument containing the required disclosures at the time the disclosures were made. One paragraph of the note in question contains the following wording, "Borrower acknowledges receipt of a copy of this note.” Plaintiff contends that a copy of the note was furnished to the defendants.
Section 226.8 (a) of Federal Reserve Regulation Z (12 CFR 226.8 [a]) states "such disclosures shall be made before the transaction is consummated. At the time disclosures are made, the creditor shall furnish the customer with a duplicate of the *14 instrument or a statement by which the required disclosures are made and on which the creditor is identified.”
The fact that the. defendants signed a note, part of which stated that they received a copy of the note, is not conclusive of that issue, especially in view of the fact that Manuel and Yolanda Mora do not read, write or speak English.
Therefore, the court finds triable issues of fact as to whether the required disclosures were made prior to the consummation of the transaction and whether defendants were provided with a duplicate copy of the note, which preclude the granting of summary judgment.
As to whether disclosures under the Truth in Lending Act should have been made in Spanish due to defendants’ inability to read, write or speak English, to insure that the "disclosures” were "meaningful,” the court does not find any basis in law for such requirement. Such a requirement should be based on legislative enactment, not judicial interpretation.
Accordingly, plaintiffs motion for summary judgment is denied.