■ MAC A. HADDAD et al., Appellants, v SAMUEL SALZMAN et al., Respondents.—In an action for a judgment as to the rights of the parties pursuant to the New York City Zoning Resolution, to enjoin the defendants from performing certain construction on their home allegedly in violation of the New York City Zoning Resolution, and to compel the defendants to remove any portion of the construction already completed or in progress, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated June 29, 1990, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs had

failed to exhaust their administrative remedies, and denied, as academic, the plaintiffs' cross motion for partial summary judgment on their cause of action for declaratory relief, and dismissal of the affirmative defense of failure to exhaust administrative remedies.

Ordered that the order is reversed, on the law, without costs or disbursements, the defendants' motion is denied, the complaint is reinstated, that branch of the plaintiffs' cross motion which was to dismiss the defendants' affirmative defense of failure to exhaust administrative remedies is granted, and that branch of the plaintiffs' cross motion which was for summary judgment on the plaintiffs' cause of action for certain declaratory relief is denied; and it is further,

Ordered that the plaintiffs are directed to pursue relief in the Board of Standards and Appeals to determine the legality of the defendants' proposed construction under the New York City Zoning Resolution, and disposition of the action is stayed pending that determination.

The Supreme Court improperly dismissed the complaint for failure to exhaust administrative remedies. It is well established that one suffering special damages as the result of a violation of a zoning ordinance may bring an action to enjoin the violation, and seek damages as well *(see, Little Joseph Realty v Town of Babylon,* 41 NY2d 738; *Cord Meyer Dev. Co. v Bell Bay Drugs,* 20 NY2d 211; *Marcus v Village of Mamoroneck,* 283 NY 325; *Lesron Jr., Inc. v Feinberg,* 13 AD2d 90). The failure to pursue an appeal to the Board of Standards and Appeals is not fatal to the plaintiffs' claim in light of the inability of that body to provide "adequate and complete relief" to the plaintiffs in the form of an injunction *(see, Lesron Jr., Inc. v Feinberg, supra,* at 94; *see also, Allen Avionics v Universal Broadcasting Corp.,* 69 NY2d 406; New York City Charter § 666; Administrative Code of City of NY § 26-126 [c]). Therefore, the complaint is reinstated, and that branch of the plaintiffs' cross motion which was to dismiss the defendants' affirmative defense of failure to exhaust administrative remedies is granted.

With respect to the merits of the defendants' motion for summary judgment dismissing the complaint, and that branch of the plaintiffs' cross motion which was for summary judgment on its first cause of action insofar as it pertains to attic "floor area", we find the proof submitted in support of the respective motions insufficient to constitute a prima facie showing of entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

One additional aspect of this case warrants our consideration. The plaintiffs' first cause of action seeks a declaratory judgment on the legality, within the purview of the New York City Zoning Resolution, of various elements of the construction to be performed on the defendants' property. Under the circumstances of this case, application of the provisions of the zoning ordinance to the facts herein is peculiarly within the specialized knowledge and experience of the administrative bodies authorized to administer and enforce the ordinance. Although the instant action should not be dismissed for failure to exhaust administratives remedies, pursuant to the doctrine of primary jurisdiction *(see generally, Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11; *Matter of Patti Ann H. v New York Med. Coll.,* 88 AD2d 296, *affd* 58 NY2d 734; *Guglielmo v Long Is. Light. Co.,* 83 AD2d 481), the plaintiffs should pursue relief in the New York City Board of Standards and Appeals for resolution of the numerous factual issues raised by their cause of action for declaratory relief, and disposition of the action is stayed pending that administrative determination. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.