(June 19, 1995)

■ INGRID AIN et al., Appellants, v DONNA GLAZER, Respondent. [628 NYS2d 181] —In an action, *inter alia,* to permanently enjoin the defendant's use of a certain piece of real property as a three-family dwelling, the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Milano, J.), dated July 16, 1993, which stayed discovery pending an appeal from an order of the same court dated November 24, 1992, and (2) as limited by their brief, from so much of an order of the same court dated December 10, 1993, as granted the defendant's motion (a) for a preliminary injunction enjoining the plaintiffs from prosecuting an administrative appeal before the New York City Board of Standards and Appeals, (b) to quash subpoenas duces tecum issued in connection with the administrative appeal, and (c) for the imposition of costs pursuant to 22 NYCRR 130.1.

Ordered that the appeal from the order dated July 16, 1993, is dismissed as academic; and it is further,

Ordered that the order dated December 10, 1993, is reversed

insofar as appealed from, on the law, with costs, and the defendant's motion is denied in its entirety; and it is further,

Ordered that the plaintiffs are directed to prosecute their administrative appeal before the New York City Board of Standards and Appeals to determine whether the use of the defendant's house as a three-family dwelling was discontinued pursuant to New York City Zoning Resolution § 52-61 before this action continues, and the disposition of this action is stayed pending that determination.

The Supreme Court erred by granting the defendant's motion, *inter alia*, to enjoin the plaintiffs from prosecuting an administrative appeal before the New York City Board of Standards and Appeals. The issue of whether the use of the defendant's house as a three-family dwelling was discontinued pursuant to New York City Zoning Resolution § 52-61 is best left to the New York City Board of Standards and Appeals, which, with the New York City Department of Buildings, is "responsible for administering and enforcing the zoning resolution (New York City Charter §§ 643, 666 [7])" (*Applebaum v Deutsch*, 66 NY2d 975, 977; *see, Haddad v Salzman*, 188 AD2d 515, 517). "[P]ursuant to the doctrine of primary jurisdiction * * * the plaintiffs should pursue relief in the New York City Board of Standards and Appeals for resolution of the * * * factual [issue] raised by their cause of action for declaratory relief, and disposition of the action is stayed pending that administrative determination" (*Haddad v Salzman, supra,* at 517).

In light of this result, the plaintiff Ingrid Ain's filing of an administrative appeal with the New York City Board of Standards and Appeals to determine whether the defendant's use of her house as a three-family dwelling was discontinued is not frivolous conduct warranting the imposition of costs (*see,* 22 NYCRR 130-1.1 [c]). Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.