Scott McFALL, Individually and as Administrator of the Estate of Judith Ann McFall, Appellants,

v.

PEACE, INC., d/b/a Our Lady of Peace Hospital, and Mohammad A. Mian, M.D., Appellees.

No. 1998–SC–0628–DG.

Supreme Court of Kentucky.

Feb. 24, 2000.

Rehearing Denied May 18, 2000.

("OLOP") and Dr. Mohammad Mian, in an action brought by the estate of a decedent who committed suicide while a patient at OLOP. The Court of Appeals affirmed and we granted discretionary review. We affirm in part, reverse in part, and remand with directions.

On September 14, 1991, Judith McFall committed suicide in a room on a locked ward at OLOP, where she had been admitted as a patient some twelve hours earlier. McFall was on moderate suicide precautions at the time of her death. Dr. Mian was McFall's designated treating physician after she was admitted. However, he did not personally examine her prior to the suicide.

On September 11, 1992, Appellant, Scott McFall, individually and as administrator of Judith McFall's estate, brought a wrongful death action against OLOP and Dr. Mian alleging hospital negligence and medical malpractice. A ten-day jury trial commenced on March 12, 1996, which produced a voluminous record. McFall presented twenty-two witnesses, including one expert, and sixty-six exhibits. OLOP offered no witnesses, but introduced eleven exhibits. Dr. Mian presented four witnesses, including one expert, and introduced eleven exhibits. The jury returned verdicts in favor of OLOP and Dr. Mian.

The sole issue presented in this appeal is whether the trial court erred by entering a protective order preventing McFall from discovering a Quality Assurance Review ("QAR") form.

According to OLOP, the QAR form at issue was a routine form filled out by OLOP's nursing coordinator who reviewed and critiqued OLOP's response to the Code 300 reported in Judith McFall's case. These forms are then reviewed by the nursing coordinator manager and, when appropriate, later reviewed by OLOP's safety committee as part of a comprehensive peer review program to monitor and improve the quality of patient care.

Guy Jantzen Hibbs, Chris Meinhart, Louisville, Harry B. O'Donnell, IV, Louisville, for appellants.

B. Todd Thompson, Millicent A. Tanner, Thompson & Miller, PLC, Louisville, Sherry R. Deatrick, Dinsmore & Shohl, LLP, Louisville, for appellee, Peace, Inc., d/b/a Our Lady of Peace Hospital.

Byron Miller, Thompson & Miller, PLC, Louisville, Martha J. Hasselbacher, Stites & Harbison, Louisville, for appellee, Mohammad A. Mian, M.D.

JOHNSTONE, Justice.

Pursuant to a jury verdict, the trial court entered judgment in favor of Appellees, Our Lady of Peace Hospital

McFall filed a discovery motion requesting that OLOP produce "[a]ny and all originals and/or copies of documents regarding Judith McFall's admission, evaluation, stay, and/or discharge from Our Lady of Peace Hospital...." OLOP neither produced the QAR form nor objected to its production in its first two responses to this discovery request.

McFall first learned of the existence of the QAR form during a pretrial evidentiary hearing. Subsequently, he filed a motion to compel production of the QAR form. In response, OLOP stated that the QAR form did not fall within the scope of McFall's original request for production of documents. Further, OLOP stated that if the QAR form had fallen within the scope of the original production request, it would have objected to its production on grounds that it was protected by the peer review privilege set forth in KRS 311.377. Some months later, OLOP filed a motion for a protective order to prevent production of the QAR form on grounds that it was protected by the peer review privilege. After holding an *in camera* hearing regarding the discovery of the QAR form and other hospital documents, the trial court entered a protective order which found that the QAR form was protected by the peer review privilege.

After the trial court entered a judgment in favor of OLOP and Dr. Mian, McFall appealed to the Court of Appeals raising a number of issues. On November 17, 1997, the Court of Appeals *sua sponte* entered an order to supplement the record in this case, which states in pertinent part:

In reviewing the issue of the discoverability of the QAR form and the record, it has become apparent that the QAR form, which was reviewed by the circuit judge *in camera*, was returned to the appellee's attorney after the circuit judge made a ruling thereon.... In order to determine if the document at issue was discoverable, said document must be included in the record for appellate review. Therefore,

IT IS HEREBY ORDERED that the circuit court retrieve the above-described document [the QAR form] and send it to this Court, under seal, to be included in the sealed portion of the record.

The certified supplemental record received by the Court of Appeals consisted of two forms: a Code 300 Monitoring Form and a Critical Incident Review Report. In reviewing these forms, the Court of Appeals concluded, "[W]e believe the trial court properly found that [the two documents] fell within the peer review privilege of KRS 311.377." *McFall v. Peace, Inc.*, Ky.App., 96–CA–1259–MR at 7 (May 22, 1998).

On appeal to this Court, McFall attacks both the procedure under which the motion for the protective order was made and granted and the correctness of the order itself. We need not address the procedural issues because we hold that both the trial court and the Court of Appeals erred in determining that the QAR form was protected peer review material. The peer review privilege of KRS 311.377 has no application to medical malpractice suits like the case at bar. *Sisters of Charity Health Systems, Inc. v. Raikes*, Ky., 984 S.W.2d 464, 470 (1999). Erroneous rulings on discovery matters are subject to the harmless error rule of CR 61.01. *See Regalbuto v. Grant*, Ky., 473 S.W.2d 833, 838 (1971). However, for the reasons set forth below, we decline to answer the question of whether the error was harmless and remand the case to the trial court to hold an evidentiary hearing on the matter.

Because the documents comprising the QAR form remained sealed throughout this appeal, McFall only could hypothesize on the resulting prejudice to his case. It seems patently unfair and contrary to the principles of due process to hold in McFall's favor on the central issue raised in this case, yet ultimately decide the case against him on an issue he did not and

could not argue but for the errors of the trial court and the Court of Appeals. Thus, we believe that McFall should be given the opportunity to view the documents, make his own independent determination of prejudice, and argue his case to the trial court. However, under the circumstances, it seems equally unfair to allow McFall to argue his case against both OLOP and Dr. Mian.

The discovery request for the QAR form was made to OLOP alone, and OLOP alone made the motion for the protective order. Moreover, everything in the forms concerning Dr. Mian was otherwise provided through discovery. Further, apparently Dr. Mian has not been able to view the documents in question either. Thus, Dr. Mian neither contributed to the error, nor did the error create any conceivable prejudice to McFall's case against Dr. Mian.

Finally, we deny McFall's motion for an order directing transmittal of a proper and complete supplemental record.

Therefore, we reverse the opinion of the Court of Appeals as to OLOP, affirm as to Dr. Mian, and remand this case to Jefferson Circuit Court with directions to unseal that part of the record containing the documents comprising the QAR forms and to hold an evidentiary hearing to determine whether the erroneous entry of the protective order is grounds for granting a new trial against Appellee, Peace Inc., d/b/a, Our Lady of Peace Hospital. If the trial court finds that there are not sufficient grounds for granting a new trial, it shall reinstate its original judgment. If the trial court finds that there are sufficient grounds, a new trial shall be granted. Regardless of how the trial court rules, the order shall be final and appealable the same as a trial court's ruling on a motion for a new trial pursuant to CR 60.02.

All concur.

LAMBERT, C.J., not sitting.