■ EQUICREDIT CORPORATION OF N.Y., Appellant, v LUIS A. TURCIOS et al., Respondents, EQUICREDIT CORPORATION OF

AMERICA et al., Appellants, et al., Defendants. [752 NYS2d 684]
—In an action to foreclose a mortgage, (1) the plaintiff, EquiCredit Corporation of N.Y., and the counterclaim defendant EquiCredit Corporation of America appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tannenbaum, J.), dated May 30, 2001, as denied those branches of their motion which were for summary judgment dismissing the counterclaims of the defendants Luis A. Turcios and Aurora Velasquez insofar as asserted against them, and (2) the counterclaim/additional defendants Northland Mortgage Corporation and Daniel R.F. Tolchin separately appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the counterclaims of the defendants Luis A. Turcios and Aurora Velasquez and the complaint insofar as asserted against them.

Ordered that the order is modified by (1) deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the first, second, and eighth counterclaims of the defendants Luis A. Turcios and Aurora Velasquez insofar as asserted against the plaintiff, and substituting therefor a provision granting those branches of the motion, and (2) deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the counterclaims of the defendants Luis A. Turcios and Aurora Velasquez insofar as asserted against the counterclaim defendant EquiCredit Corporation of America, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, EquiCredit Corporation of N.Y. (hereinafter ECNY), commenced this action to foreclose a mortgage executed by the defendant mortgagors, Luis A. Turcios and Aurora Velasquez, on October 22, 1999, securing the sum of $130,500 in connection with the purchase of a home from the defendant American Dream Homes, Inc. The mortgagors have a limited ability to speak, read, write, or understand English. Although they admitted to having defaulted in making mortgage payments, the mortgagors asserted counterclaims against ECNY against ECNY's parent corporation, the counterclaim defendant EquiCredit Corporation of America (hereinafter ECA), the mortgage broker, the counterclaim/additional defendant Northland Mortgage Corporation (incorrectly identified in the order appealed from as "Northland Equities Corp."), and the mortgage broker's president, the counterclaim/additional de-

fendant Daniel R.F. Tolchin, among others, alleging fraud and discrimination against the mortgagors in violation of state and federal banking regulations. In essence, the mortgagors contend that they were victims of a form of predatory lending called "reverse redlining," which is a lending scheme that targets low-income minorities, offering them exorbitantly high interest rate loans in large amounts, even though they do not have the ability to repay, thereby approving a loan designed to fail, and resulting in loss of the home through foreclosure. The Supreme Court, inter alia, denied those branches of the motion of ECNY and ECA which were for summary judgment dismissing the counterclaims insofar as asserted against them, and denied those branches of the cross motion of Northland Mortgage and Tolchin which were for summary judgment dismissing the counterclaims and the complaint insofar as asserted against them.

ECNY contends, inter alia, that the Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing the first, second, and eighth counterclaims alleging violations of the Equal Credit Opportunity Act (hereinafter ECOA) (15 USC § 1691 [a] [1]), Fair Housing Act (hereinafter FHA) (42 USC § 3605), and Truth In Lending Act (hereinafter TILA) (15 USC § 1601 *et seq.*). We agree.

With regard to the counterclaims alleging violations of the ECOA and FHA, to establish a prima facie case, the mortgagors needed to establish that they qualified for the loans in question (*see Matthews v New Century Mtge. Corp.,* 185 F Supp 2d 874). Here, the counterclaims are based upon the contention that the mortgagors did *not* qualify for the loans. Accordingly, the mortgagors could not establish a prima facie case for violation of ECOA or FHA, and the first and second counterclaims should have been dismissed.

With regard to the eighth counterclaim, the mortgagors claimed that the TILA was violated because the disclosures made by ECNY were not meaningful since they were in English, and the mortgagors speak only Spanish. While TILA disclosures *"may"* be made in a language other than English (12 CFR 226.27 [emphasis added]), there is no basis in law for *requiring* that TILA disclosures under 15 USC § 1638 made to borrowers who read, write, and speak only Spanish, should be made in Spanish, to insure that disclosures are meaningful (*see County Trust Co. v Mora,* 87 Misc 2d 11). In further support of their eighth counterclaim, the mortgagors claimed that TILA was violated because certain entries on the HUD-1 settlement statement were made on the wrong lines. However, the

record belies that claim. The subject entries were inserted in the correct line numbers according to the guidelines of 24 CFR part 3500 appendix A, outlining the form of an HUD-1 settlement statement. Accordingly, the eighth counterclaim, asserted only against ECNY, should have been dismissed.

ECA established its entitlement to summary judgment dismissing the counterclaims asserted against it by submitting evidence that it was merely the parent corporation of ECNY. In opposition, the mortgagors failed to present sufficient evidence that ECA so dominated or controlled ECNY as to warrant piercing the corporate veil (*see Potash v Port Auth. of N.Y. & N.J.*, 279 AD2d 562; *Pebble Cove Homeowners' Assn. v Fidelity N.Y. FSB*, 153 AD2d 843).

As to the remaining counterclaims asserted against ECNY, and the counterclaims and the complaint insofar as asserted against Northland Mortgage Corporation and Tolchin, the mortgagors met their burden of demonstrating that material issues of fact exist which preclude summary relief (*see Zuckerman v City of New York*, 49 NY2d 557).

The mortgagors' request for the imposition of a sanction pursuant to 22 NYCRR 130-1.1 (c) (1) and (3) against the appellants is denied, as the complained-of conduct does not amount to frivolous conduct as defined therein (*see Ain v Glazer*, 216 AD2d 428, 429). Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.