In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCormack, J.), dated August 20, 2007, which granted the defendants’ motion to seal the record and for a protective order and denied her cross motion to compel the defendants and certain nonparties to produce documents, answer interrogatories, and submit to depositions.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion which was for a protective order with respect to the plaintiffs notice for discovery and inspection, and (2) by deleting the provision thereof denying that branch of the cross motion which was to direct the defendants and nonparties Long Island Jewish Medical Center and North Shore-Long Island Jewish Health System to respond to the plaintiffs notice for discovery and inspection; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for an in camera inspection of the documents possessed by the defendants and nonparties Long Island Jewish Medical Center and North Shore-Long Island Jewish Health System which are responsive to the plaintiff’s notice for discovery and inspection and thereafter for a new determination of that branch of the motion which was for a protective order with respect to the plaintiffs notice for discovery and inspection and that branch of the cross motion which was to direct the defendants and the nonparties Long Island Jewish Medical Center and North Shore-Long Island Jewish Health System to respond to her notice for discovery and inspection in accordance herewith; and it is further,
Ordered that the time for the defendants and nonparties Long Island Jewish Medical Center and North Shore-Long Island Jewish Health System to produce the documents for an in *509 camera inspection before the Supreme Court, Nassau County, is within 30 days after service upon them of a copy of this decision and order.
The Supreme Court correctly determined that, pursuant to Education Law § 6527 (3), the defendants and the subpoenaed nonparty witnesses are immune from submitting to depositions in this case, since all were participants in a medical peer-review process conducted by nonparty Long Island Jewish Medical Center (hereinafter LIJMC) (see vanBergen v Long Beach Med. Ctr., 277 AD2d 374 [2000]). However, the court erred in issuing a blanket denial of the plaintiffs document requests based on the confidentiality privileges accorded records of the medical peer-review process under Education Law § 6527 and Public Health Law § 2805-m. Although the Supreme Court properly determined that the defendants and nonparties LIJMC and North Shore-Long Island Jewish Health System established, prima facie, that the documents sought were prepared in accordance with the relevant statutes and as part of LIJMC’s peer-review process (see Kivlehan v Waltner, 36 AD3d 597, 598 [2007]; Marte v Brooklyn Hosp. Ctr., 9 AD3d 41, 46 [2004]), it improperly rejected the plaintiffs assertions that the documents sought were not legitimately generated as part of the peer-review process and, therefore, were not entitled to the statutory privilege and, in addition, that they are material and necessary to the prosecution of her action (see Seaman v Wyckoff Hgts. Med. Ctr., Inc., 25 AD3d 596, 597 [2006]). The Supreme Court should have conducted an in camera inspection of the documents responsive to the plaintiffs request to enable it to determine which of the documents, or portions thereof, if any, are entitled to the statutory privileges (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 378 [1991]; Ross v Northern Westchester Hosp. Assn., 43 AD3d 1135 [2007]; Marte v Brooklyn Hosp. Ctr., 9 AD3d 41, 47-48 [2004]) and, furthermore, whether they are “material and necessary” to the prosecution of this action under CPLR 3101 (a). Accordingly, we remit the matter for an in camera inspection and thereafter a new determination of that branch of the motion which was for a protective order with respect to the plaintiffs notice for discovery and inspection and that branch of the cross motion which was to direct the defendants and the nonparties LIJMC and North Shore-Long Island Jewish Health System to respond to her notice for discovery and inspection.
We decline the defendants’ request to impose a sanction pursuant 22 NYCRR 130-1.1 (c) (1) against the plaintiff as the appeal is not frivolous as defined therein (see Ain v Glazer, 216 AD2d 428 [1995]; Matter of Kellner, 215 AD2d 560 [1995]).
*510 The plaintiff’s remaining contentions are without merit. Fisher, J.E, Dillon, McCarthy and Belen, JJ., concur.