In an action, inter alia, for injunctive relief and to recover damages for nuisance, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated February 17, 2012, as denied their motion for summary judgment on the first, second, and third causes of action and on the issue of liability on the fourth and fifth causes of action, and granted those branches of the separate cross motions of the defendant Jaina Network Systems, Inc., joined by the defendant Neminath, Inc., and the defendant Building Department of Incorporated Village of Williston Park which were for summary judgment dismissing the second and third causes of action insofar as asserted against each of them.
Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiffs’ motion which were for summary judgment on the issue of liability on the fourth and fifth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs.
In September 2010, the plaintiffs, owners of real property abutting or near real property owned by the defendant Neminath, Inc. (hereinafter Neminath), and leased by the defendant Jaina Network Systems, Inc. (hereinafter Jaina), commenced this action against those defendants and the defendant Building Department of Incorporated Village of Williston Park (hereinafter the Building Department), seeking, inter alia, injunctive *702 relief and to recover damages for nuisance. The plaintiffs alleged, among other things, that Jaina’s use of a building other than the main building on the subject premises (hereinafter the second building) violated a provision of the Code of the Incorporated Village of Williston Park (hereinafter the Village Code) purportedly prohibiting more than one “main building” per lot. In addition, the plaintiffs alleged that Jaina’s placement and operation of certain equipment on the premises behind the second building, including heating, ventilation, and air conditioning and electrical generator units, violated the Village Code’s rear-yard setback rules and noise limitations.
In an order dated February 17, 2012, the Supreme Court, inter alia, denied the plaintiffs’ motion for summary judgment on the first, second, and third causes of action, which were, inter alia, for injunctive relief and on the issue of liability on the fourth and fifth causes of action, which were to recover damages for nuisance, and granted those branches of the separate cross motions of Jaina, joined by Neminath, and of the Building Department, which were for summary judgment dismissing the second and third causes of action insofar as asserted against each of them.
The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the first cause of action which was, inter alia, to enjoin Jaina and Neminath from maintaining more than one “main building” on the premises, allegedly in violation of the Village Code. The doctrine of primary jurisdiction “generally enjoins courts having concurrent jurisdiction to refrain from adjudicating disputes within an administrative agency’s authority, particularly where the agency’s specialized experience and technical expertise is involved” (Sohn v Calderon, 78 NY2d 755, 768 [1991]; see Matter of Neumann v Wyandanch Union Free School Dist, 84 AD3d 816, 818 [2011]). Here, the plaintiffs failed to properly seek a determination regarding the legality of the use of the premises under the Village Code from the administrative bodies authorized to administer and enforce the Village’s zoning law (see Haddad v Salzman, 188 AD2d 515, 517 [1992]; cf. Ain v Glazer, 216 AD2d 428, 429 [1995]). Accordingly, the Supreme Court properly denied that branch of the plaintiffs’ motion which was for summary judgment on the first cause of action.
The Supreme Court also properly granted those branches of the separate cross motions of Jaina, joined by Neminath, and of the Building Department which were for summary judgment dismissing the second and third causes of action which sought, inter alia, to enjoin Jaina and Neminath from operating certain *703 equipment on the premises insofar as asserted against each of them. The defendants demonstrated, prima facie, that the equipment had been removed from the rear yard of the premises and that the noise violation associated therewith had been abated and, thus, there was no threatened or probable violation of the plaintiffs’ property rights (see Merkos L’Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 408 [2009]). In opposition, the plaintiffs did not raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). For the same reason, the Supreme Court properly denied those branches of the plaintiffs’ motion which were for summary judgment on the second and third causes of action.
However, the Supreme Court erred in denying those branches of the plaintiffs’ motion which were for summary judgment on the issue of liability on the fourth and fifth causes of action, which were to recover damages for nuisance. “The elements of a private nuisance cause of action are (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person’s property right to use and enjoy land, (5) caused by another’s conduct in acting or failure to act” (Donnelly v Nicotra, 55 AD3d 868, 868-869 [2008] [internal quotation marks omitted]; see JP Morgan Chase Bank v Whit-more, 41 AD3d 433, 434 [2007]). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability on the fourth and fifth causes of action, which were to recover damages for nuisance, by submitting evidence demonstrating that, during the period of time alleged in the complaint, the equipment operated by Jaina violated the local noise ordinance, as well as their affidavits, in which they averred, inter alia, that the unreasonable level of noise rendered their backyards unusable during that period of time (see JP Morgan Chase Bank v Whitmore, 41 AD3d 433 [2007]; cf. Broxmeyer v United Capital Corp., 79 AD3d 780, 783 [2010]). In opposition, Jaina did not raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur. [Prior Case History: 2012 NY Slip Op 30507(11).]