◼ TBS ENTERPRISES, INC., Appellant, v HENRY H. GROBE, Respondent.—In an action to recover upon a personal guarantee of a corporate note, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered December 20, 1983, which, after a nonjury trial, dismissed its complaint as barred by RPAPL 1301 and 1371.

Judgment affirmed, with costs.

In 1973, plaintiff TBS Enterprises, Inc. (TBS), sold a shopping center to the predecessor in interest of K.A. Schumacher Equities Corporation (Schumacher), taking back a purchase-money bond and mortgage for $2,350,000. Upon the transfer to Schumacher in 1975, the mortgage was modified. A second mortgage modification followed in 1976, wherein TBS and Schumacher agreed to defer payment of 10 mortgage installments in consideration of specified payments as well as a corporate note personally guaranteed by defendant Henry Grobe, officer and sole shareholder of Schumacher. In 1978 plaintiff commenced a foreclosure action and subsequently successfully bid $100,000 for the property at the foreclosure sale. Plaintiff did not seek a deficiency judgment in that action. Thereafter plaintiff commenced this action to recover on defendant's signed personal guarantee. The trial court rendered judgment for defendant and dismissed the complaint, holding that the note represented part of a debt secured by

the mortgage which was the subject of the foreclosure action, and that this action was barred by operation of RPAPL 1301, 1371. We agree.

RPAPL 1301 (3) prohibits a second action to recover any part of a mortgage debt without leave of court and RPAPL 1371 deems the proceeds of a foreclosure sale to be in full satisfaction of the mortgage debt in the absence of a motion for a deficiency judgment. On appeal, plaintiff contends that the note and guarantee in the amount of $162,916.61 represent an independent loan, unrelated to the mortgage, and that the provisions of the RPAPL are not applicable *(see, Honeyman v Hanan,* 275 NY 382; *GIT Indus. v Rose,* 81 AD2d 656, 94 AD2d 714, *affd* 62 NY2d 659).

We reject this argument as in plain contradiction of the written agreement of the parties. "While the intent and purpose of a written instrument is to be ascertained from the instrument itself, it is a well-established rule of contract law that all contemporaneous instruments between the same parties relating to the same subject matter are to be read together and interpreted as forming part of one and the same transaction" *(Evans Prods. Co. v Decker,* 52 AD2d 991, 992; *see also, Williams v Mobil Oil Co.,* 83 AD2d 434, 439-440). Here, the second mortgage modification agreement incorporates by reference the note and guarantee sued upon, and was executed simultaneously with that note and guarantee. The modification agreement, dated October 27, 1976, recited that Schumacher was in arrears in payments on the mortgage principal and interest and, further, would be unable to make regular monthly amortization payments until January 1977. To cover the default and the payments falling due during the period until January 1977, Schumacher was to cure "by making certain payments and by executing and delivering to TBS a certain promissory note, both hereinafter described". The description of the payments and notes read:

"1. The sum of Ten Thousand Dollars ($10,000.00) on the execution of this Agreement, receipt of which is hereby acknowledged.

"2. The sum of Twenty-two Thousand Nine Hundred Sixteen Dollars and Sixty-nine Cents ($22,916.69) by SCHUMACHER delivering to TBS certified checks in the following amounts on the dates hereinafter set forth:

| "Amount | Date |
|---|---|
| "$11,458.35 | 19 November 1976 |
| "$11,458.34 | 19 December 1976 |

"3. *The sum of One Hundred Sixty-two Thousand Nine Hundred Sixteen Dollars and Sixty-one Cents ($162,916.61) on the execution of this Agreement by executing and delivering a promissory note in like amount, personally guaranteed by* HENRY H. GROBE to TBS, bearing interest at the rate of ten per cent (10%) per annum, interest only payable quarterly, the first such payment of interest to be due and payable on 19 January 1977, and quarterannually thereafter until 19 January 1978, when the unpaid principal balance of One Hundred Sixty-two Thousand Nine Hundred Sixteen Dollars and Sixty-one Cents ($162,916.61), together with interest due and owing thereon, shall be fully due and payable. Except for record-keeping purposes and the integrity of the amortization schedule (Schedule A), *no reduction shall be deemed made on the balance of the obligation secured by the Mortgage aforesaid unless and until the Note aforesaid is fully paid in accordance with its terms. The aforesaid Note is merely a continued evidence of part of the original obligation of* SCHUMACHER *to TBS, and is deemed secured by the lien of the Mortgage as modified hereby"* (emphasis supplied).

As stated in *Honeyman v Hanan* (275 NY 382, 389-390, *supra)* "[n]o argument, or even detailed analysis of the language of the [agreement], seems necessary * * * There was no new loan but only an extension * * * of an existing mortgage debt with a new promise to pay * * * There is no room for other construction". Accordingly, plaintiff's attempt to recover on the note and guarantee as an independent loan must fail.

Plaintiff contends, however, that the foregoing construction renders the note and guarantee meaningless because a provision in the original mortgage limited plaintiff's remedies upon default to the mortgagor's interest in the realty. We reject this contention as well. The apparent conflict between the original mortgage provision and the second modification agreement (both limiting and expanding TBS's remedies) should have been addressed in the foreclosure action where proper construction of the mortgage agreement as a whole could have been rendered, and both clauses of the agreement given effect if the agreement itself permitted such construction. There, depending upon the outcome, plaintiff could have sought a deficiency judgment or, in the alternative, would have been held to its own bargain precluding such relief. Accordingly, it is not contract construction which renders the note and guarantee unenforceable; rather, it is plaintiff's election to seek

recovery in a separate action, in contravention of the applicable statutes, where the amount due and owing on the note and guarantee would not be subject to reduction by an amount representing the fair market value of the mortgaged premises, as would a recovery by deficiency judgment in a foreclosure action (RPAPL 1371 [2]). Plaintiff may not, under the guise of contract construction, avoid the strictures of the RPAPL, in order to seek a greater recovery in a second action than that to which it would have been entitled in foreclosure. Accordingly, because plaintiff did not seek a deficiency judgment in the foreclosure action, the consequence of its bid at the foreclosure sale was to give full credit to the mortgagor for the amount of the mortgage balance plus the expenses of sale *(see, Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 407; RPAPL 1371 [3]). The debt of the mortgagor being satisfied, there can be no action against the guarantor. Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.