*248 OPINION OF THE COURT
Eli Wager, J.
This motion by the plaintiff brought by order to show cause for an order severing the action of plaintiff against defendant VMS Realty Partners from the foreclosure action against defendants 400 Garden City Associates and the State of New York, and granting plaintiff leave pursuant to RPAPL 1301 (3) to pursue its action to recover under the guarantee from defendant VMS is determined as follows.
Plaintiff, Manufacturers Hanover Trust Company (MHT), is the holder of two mortgages made and executed by defendant 400 Garden City Associates to secure payment for loans in excess of $25,000,000. The mortgage loans are secured by office building premises located at 400 Garden City Plaza, Garden City, New York. Simultaneously with the execution of the mortgages and notes, the defendant VMS Realty Partners (VMS) executed and delivered to plaintiff a guarantee pursuant to which VMS bound itself to pay MHT all accrued and unpaid interest on the notes, all real estate taxes and general or special assessments. In addition, pursuant to the guarantee, VMS also agreed to reimburse MHT for all expenses incurred by MHT in enforcing its rights under the guarantee and in collecting the amounts subject to the guarantee.
In May of 1990, MHT commenced this action to foreclose upon the above described mortgages, which have a principal balance in excess of $21,000,000. A receiver was appointed to collect the rent and operate the building during the pendency of this action.
On August 17, 1990, defendant 400 Garden City Associates filed a voluntary petition under chapter 11 of the Bankruptcy Code (11 USC § 1101 et seq.), thereby staying the foreclosure.
In September 1990, upon a motion by 400 Garden City Associates, United States Bankruptcy Court entered an order ousting the foreclosure receiver and returning control to 400 Garden City Associates as debtor in possession.
Plaintiff seeks to sever the action and to be granted leave to proceed against VMS on the note. For the reasons set forth, plaintiff’s motion is denied.
The filing of a bankruptcy petition under chapter 11 of the Bankruptcy Code automatically stays any foreclosure action pending against the debtor and the property of the debtor (11 USC § 362 [a]).
Defendant 400 Garden City Associates has filed for bank *249 ruptcy, thereby staying the foreclosure action commenced by plaintiff. The court agrees with plaintiff that ordinarily, the automatic stay provisions of the Bankruptcy Code do not operate to protect third-party nonbankrupt guarantors (see, e.g., In re Larmar Estates, 5 BR 328 [Bankr, ED NY 1980]). However, while VMS is not protected by the automatic stay, the property is. "[T]he automatic stay provisions of § 362 (a) stay actions only against the debtor and property of the estate” (supra, at 330).
Therefore, while plaintiff is stayed from proceeding with its foreclosure action, which by operation of section 362 includes its foreclosure action against VMS, it is not prohibited by the United States Bankruptcy Code from proceeding at law against VMS to recover on the note. Since plaintiff is not stayed by the Bankruptcy Code from proceeding at law against the guarantor VMS, this motion is properly before this court. Plaintiff need not, as argued by VMS, seek approval by Bankruptcy Court to lift the automatic stay because VMS is not subject to the stay on the note.
In New York, where a mortgagor defaults, a mortgagee must elect between pursuing a legal remedy or foreclosing on the property, but may not prosecute both actions without leave of court (RPAPL 1301; TBS Enters. v Grobe, 114 AD2d 445 [2d Dept 1985]; see, United States v Whitney, 602 F Supp 722 [WD NY 1985]). This "election of remedies” rule applies to actions on the guarantee of a note (TBS Enters. v Grobe, supra).
Whether a court should grant leave to commence a separate legal action against a mortgagor where an equitable foreclosure action has already been commenced, "is conditioned upon the applicant demonstrating that special circumstances exist to justify a separate proceeding at law. (National City Bank v Gelfert, 284 NY 13; Equitable Life Ins. Soc. v Stevens * * * [63 NY 341]; Matter of Warner, 267 App Div 775; Wachtell v Tantleff, 255 App Div 867.) The question as to whether special circumstances have been shown is regulated by consideration of equitable principles on a case-by-case basis, and generally the focus of inquiry is upon whether the plaintiff could have obtained all the relief it was entitled to in the foreclosure action without the undue burden of commencing an action on the debt” (Stein v Nellen Dev. Corp., 123 Misc 2d 268, 271 [Sup Ct, Suffolk County 1984]).
Plaintiff, having already commenced a foreclosure action *250 against VMS, may not commence a separate action to recover on the note absent "special circumstances”. Whether a mortgagor’s filing for bankruptcy may rise to the level of "special circumstances” necessary to relieve a mortgagee of its election of remedies, appears to be one of first impression.
Without holding that bankruptcy may never rise to the level of "special circumstances” under the facts presented in this case, the court is constrained to hold plaintiff to its election of remedies and deny its request to proceed against VMS on the note.
Every case cited by plaintiff to support this motion which allows a mortgagee to proceed in a separate legal action where a foreclosure action was already commenced, involves a situation where the mortgagee was permanently frustrated in foreclosure. At bar, there is only a temporary stay of plaintiff’s foreclosure action. Moreover, despite plaintiff’s fear of a deteriorating real estate market and the future solvency of VMS, there is nothing before this court to indicate that the value of the mortgaged property does not provide adequate security for the mortgages.
Plaintiff provides no appraisal of the property and while it attacks defendant’s hearsay affirmation that claims the appraised value of the property is $27,000,000, it is plaintiffs burden to show that its equity cushion is inadequate.
Accordingly, plaintiffs motion for an order severing this action and allowing it to proceed against VMS is denied with leave to renew should circumstances so warrant.