■ JOHN F. DRISCOLL, Individually and as Administrator of the Estate of JOHN F. DRISCOLL, II, Deceased, Appellant, v AKRON FIRE COMPANY, INC., et al., Respondents. (Appeal No. 2.) [673 NYS2d 623] —Appeal unanimously dismissed without costs (see, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—New Trial.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.

■ CORRINE G. B. MCEWEN, Appellant, v AKRON FIRE COMPANY, INC., Respondent. [675 NYS2d 266] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action against defendant seeking damages for personal injuries she sustained when the automobile she was driving was struck by defendant's ambulance. The jury awarded plaintiff $13,000 for past lost earnings and $175,000 for past pain and suffering, but reduced the total award to $75,200 because of plaintiff's failure to wear a seatbelt. There was no award for future damages.

Plaintiff contends that the failure to award damages for future pain and suffering, where there is clear evidence of permanency, is against the weight of the evidence, inconsistent with the rest of the verdict, and the result of a compromise. Supreme Court properly denied plaintiff's CPLR 4404 (a) motion to set aside the verdict (see, Texido v Margarucci, 229 AD2d 944). Whether the injuries sustained by plaintiff were causally related to the accident or to a preexisting condition was sharply disputed, and the jury's verdict is based upon a fair interpretation of the evidence (see, Matter of Siegel v County of Monroe, 207 AD2d 959). By not raising an objection to the verdict before the jury was discharged, plaintiff failed to preserve for our review her contention that the verdict is inconsistent (see, Barry v Manglass, 55 NY2d 803, 806, rearg denied 55 NY2d 1039; Grassi v Kamalian, 226 AD2d 344). Further, we conclude that the jury's failure to award damages for future pain and suffering is neither inconsistent with the rest of the verdict (cf., Texido v Margarucci, supra) nor the result of a compromise (cf., Patrick v New York Bus Serv., 189 AD2d 611). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—New Trial.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.