█ White Rose Food et al., Respondents, v Billy Saleh, Appellant. [738 NYS2d 683] —In an action to recover on a promissory note and guarantee brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Queens County (Dye, J.), dated February 21, 2001, which granted the motion, and (2) a judgment of the same court, entered April 6, 2001, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly granted summary judgment to the plaintiffs. The facts and documentary evidence submitted in support of the motion are not in dispute. The defendant

contends that he was relieved of his obligations as a coguarantor of the promissory note by a subsequent agreement, which he did not agree to, which modified the terms of the underlying promissory note. We disagree. A guarantor is not relieved of his obligations where, as here, the written guarantee allows for changes in the terms of the guarantee and expressly waives notice to the guarantor of these changes (*see, Standard Factors Corp. v Kreisler,* 53 NYS2d 871,. *affd* 269 App Div 830). Moreover, the terms of the promissory note and the guarantee must be viewed together as one transaction (*see, TBS Enters. v Grobe,* 114 AD2d 445).

The defendant's further contention that the Supreme Court improperly vacated a prior default judgment based upon the same transaction is without merit. A court has the inherent power to vacate a default judgment (*see, Neuman v Greenblatt,* 260 AD2d 616; *Cervino v Konsker,* 91 AD2d 249). Prudenti, P.J., Luciano and Townes, JJ., concur.

Crane, J., dissents in part and votes to reverse the judgment entered April 6, 2001, and to dismiss the action with costs to the appellant, but concurs in the dismissal of the appeal from the order dated February 21, 2001. It is pellucidly clear that a guarantor is released from a guarantee if the terms of the underlying obligation are modified without the consent of the guarantor (*see generally, Bier Pension Plan Trust v Estate of Schneierson,* 74 NY2d 312, 315; *Becker v Faber,* 280 NY 146, 148-149; *Midland Steel Warehouse Corp. v Godinger Silver Art,* 276 AD2d 341, 343; *Central Fed. Sav. & Loan Assn. of Nassau County v Pergolis,* 173 AD2d 587, 589; 63 NY Jur 2d, Guaranty and Suretyship § 194). There is no dispute that, absent his consent, the appellant's obligation as guarantor would have been discharged by the modification made on March 26, 1996, to the underlying promissory note of September 30, 1994.

What divides me from the majority is its holding that the appellant consented to modifications in the promissory note. This holding rests on two observations: (1) that the appellant's guarantee waived notice of changes "in the terms of the guarantee [*sic*]" and (2) that the terms of the promissory note and guarantee must be viewed together as one transaction.

A guarantor's obligation is strictissimi juris, i.e., to be interpreted in the strictest manner (*see, Page v Krekey,* 137 NY 307, 314, quoted in *Becker v Faber, supra* at 149). The majority ignores this rule in interpreting the guarantee. The guarantee provides, "the undersigned as Guarantors hereby waive *notice* of any demand for payment * * * and all other *notices* to which the undersigned Guarantors might be entitled, including

without limitation, *notice* of * * * modification or alteration of the terms of the within note." From this language, my colleagues read in a *consent* to modification or alteration of the note. They support this reading by citing *Standard Factors Corp. v Kreisler* (53 NYS2d 871, *affd* 269 App Div 830). Yet, in that case, the guarantee provided that it "shall not be impaired by any modification * * * or other alteration of any of the obligations hereby guaranteed * * * to all of which the undersigned hereby consent" (*Standard Factors Corp. v Kreisler, supra* at 873 [internal quotation marks omitted]).

Furthermore, by equating the waiver of "notice" in the appellant's guarantee with a consent to alterations in the note, the majority is rendering redundant the language in the note that specifies that the "Makers and Guarantors of this Note * * * waive * * * notice * * * and agree and consent" to extensions and renewals, after which "the liability of all parties shall remain as if no extension or renewal had been made." Thus, the note, which the appellant did not sign, contains language of consent to renewals and extensions that the majority reads into the guarantee. The majority accomplishes this by saying that the note and guarantee must be viewed as one transaction. However, the case my colleagues cite for this assertion, *TBS Enters. v Grobe* (114 AD2d 445), had all the same parties on the underlying obligation and on the guarantee, and the instruments were executed simultaneously.

In the case at bar the record does not reveal when the appellant signed the guarantee. It bears no date or time. It cannot even be ascertained in the reproduced record whether or not the guarantee is on a separate document or is on the same or obverse side of the same paper on which the note appears. Thus, the record does not support the majority's assertion that the note and guarantee "must be viewed together as one transaction."

I do not agree that the Supreme Court has the inherent power to vacate a default judgment in a case pending before a different judge (*see, Matter of DeLanoy v O'Rourke,* 276 AD2d 728). But, putting this disagreement aside, we should not even address this error because the appellant has not propounded it on appeal.

Other than the foregoing points that divide us, I agree that the appeal from the intermediate order must be dismissed and the issues reviewed on the appeal from the judgment (*see, Matter of Aho,* 39 NY2d 241, 248; CPLR 5501 [a] [1]).