■ MARILYN R. ROSKWITALSKI, Appellant, v STEVEN C. FITZGERALD, Respondent. [787 NYS2d 801]—Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered February 2, 2004. The order denied plaintiff's motion to set aside part of a jury verdict in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover

damages for injuries she sustained in a motor vehicle accident. The jury found that plaintiff had sustained a medically determined injury or impairment of a nonpermanent nature that prevented her from performing substantially all of the material acts that constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]) and awarded her $50,000 for past pain and suffering and no damages for future pain and suffering. Supreme Court properly denied plaintiff's motion to set aside that part of the verdict awarding no damages for future pain and suffering. A jury verdict should not be set aside as against the weight of the evidence "unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). A fair interpretation of the evidence, including the medical testimony with respect to the cause, extent and permanence of plaintiff's injuries, supports that part of the verdict awarding no damages for future pain and suffering (*see McEwen v Akron Fire Co.*, 251 AD2d 1044 [1998]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Martoche and Hayes, JJ.