■ Pasquale Vacca et al., Respondents, v Patrick Valerino et al., Defendants, and Anne Valerino, Appellant. [791 NYS2d 784]—

Appeal from a judgment of the Supreme Court, Onondaga

County (Thomas J. Murphy, J.), entered June 4, 2003. The judgment, upon a jury verdict, awarded damages to plaintiffs against defendant Anne Valerino.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action against, inter alia, Anne Valerino (defendant), the owner of property adjacent to plaintiffs' property in a residential neighborhood in Syracuse. Plaintiffs assert causes of action sounding in trespass and private nuisance, based in either instance on defendant's construction and maintenance of a retaining wall that encroaches upon plaintiffs' property and threatens to collapse thereon. The jury found defendant liable on both causes of action, awarding plaintiffs $4,500 in compensatory damages and $750 in punitive damages.

We reject the contention of defendant that Supreme Court erred in denying that part of her motion to set aside the jury verdict on the private nuisance cause of action as against the weight of the evidence. Such relief should not be granted "unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]; *see Roskwitalski v Fitzgerald*, 13 AD3d 1133 [2004]) or unless it is palpably wrong or irrational (*see Manna v Hubbard*, 254 AD2d 693 [1998]). "In order to prevail upon a cause of action for private nuisance, the plaintiff must demonstrate '(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct' " (*Hitchcock v Boyack*, 277 AD2d 557, 558 [2000], quoting *Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977], *rearg denied* 42 NY2d 1102 [1977]). Here, plaintiffs presented evidence establishing each of those elements, and it thus cannot be said that the verdict is against the weight of the evidence with respect to the private nuisance cause of action.

We further conclude that the court properly denied that part of defendant's motion to set aside the verdict awarding plaintiffs punitive damages. The evidence establishes that defendant's conduct in constructing the wall on plaintiffs' property amounted to a knowing and intentional disregard of plaintiffs' rights, thus warranting an award of punitive damages (*see Fareway Hgts. v Hillock*, 300 AD2d 1023, 1025 [2002]; *Golonka v Plaza at Latham*, 270 AD2d 667, 670-671 [2000]).

We have considered defendant's challenges to the court's evi-

dentiary rulings and instructions, as well as to the manner in which the court conducted the trial, and we conclude that those contentions are unpreserved for our review and in any event are without merit. Present—Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.