■ SHANE KESNIG et al., Respondents, v RONALD C. KAUF-MANN et al., Appellants. [816 NYS2d 155]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated December 20, 2004, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside, as against the weight of the evidence, a jury verdict finding the infant plaintiff 90% at fault in the happening of the accident and the defendant Deborah E. Kaufmann 10% at fault, and for a new trial on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiffs brought this action to recover damages for personal injuries sustained by the then six-year-old plaintiff Shane Kesnig. He was struck by a vehicle operated by the defendant Deborah E. Kaufmann (hereinafter Kaufmann) as he rode his bicycle into the street in front of his house from his driveway. Kaufmann did not see Kesnig until "a split second before" the impact. She had had an unobstructed view of the road and Kesnig's driveway, she was not distracted, and she was observing the ends of all the driveways as she drove because she was aware that children might ride their bicycles into the street.

The jury unanimously found that both Kesnig and Kaufmann were negligent. It found Kaufmann 10% at fault in the happening of the accident and Kesnig 90% at fault. The Supreme Court granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence and granted a new trial on the issue of liability. We affirm.

A jury verdict may be set aside as against the weight of the evidence where "the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence" (*Galimberti v Carrier Indus.*, 222 AD2d 649 [1995]; *see Nicastro v Park,* 113 AD2d 129, 134 [1985]).

Here, the evidence does not fairly support the jury's apportionment of liability. Kesnig's age, coupled with the facts that Kaufmann's view of the driveway was unobstructed and that she should have observed Kesnig, do not support the finding that Kesnig was 90% at fault. Contrary to the defendants' contention, there was no evidence that Kesnig "darted" into the street. Therefore, the Supreme Court properly granted the plaintiffs' motion.

We note, as the plaintiffs correctly assert, that the verdict may have been influenced by an emergency doctrine charge which was erroneously given by the court (*see Smith v Perfectaire Co.,* 270 AD2d 410 [2000]). Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.