■ JP Morgan Chase Bank, Plaintiff, v Victoria Dale Whitmore, Respondent-Appellant, Board of Managers of Skytrack Condominiums, Appellant-Respondent, et al., Defendants. [838 NYS2d 142]—

In an action to foreclose a mortgage, (1) the defendant Board of Managers of Skytrack Condominiums appeals (a), as limited by its brief, from so much of an amended order of the Supreme Court, Kings County (Partnow, J.), dated March 6, 2006, as denied its motion pursuant to CPLR 4404 to set aside a decision in favor of the defendant Victoria Dale Whitmore and against it on her cross claim, and (b) from a judgment of the same court dated March 21, 2006, which, upon the amended order, is in favor of the defendant Victoria Dale Whitmore and against it in the principal sum of $22,420.88, and (2) the defendant Victoria Dale Whitmore cross-appeals, on the ground of inadequacy, from so much of the same judgment as awarded her the principal sum of only $22,420.88.

Ordered that the appeal from the amended order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant Victoria Dale Whitmore owns a duplex condominium unit in the Skytrack Condominiums complex in Brooklyn. Whitmore allegedly defaulted on payment of her mortgage obligations in January 2002, and in July 2002 the plaintiff commenced this foreclosure action against both

Whitmore and the Board of Managers of Skytrack Condominiums (hereinafter the Board). The Board asserted a cross claim against Whitmore seeking to recover unpaid common charges and assessments on her unit, and she countered by asserting a cross claim against the Board seeking damages, inter alia, for private nuisance.

After the plaintiff discontinued the foreclosure action, a nonjury trial was conducted on the cross claims. During the course of the trial, Whitmore and the Board presented conflicting expert testimony on the issue of whether the noise from exhaust fans on the roof and deck of her condominium unit violated the noise control provisions of the Administrative Code of the City of New York. The court accepted the testimony of Whitmore's expert, and found that the excessive noise created by the fans constituted a private nuisance which affected 37% of her unit. The parties agreed upon the rental value of Whitmore's unit from 2000 through 2005, and the court awarded Whitmore damages based upon a 37% diminution in the rental value of the unit for this period. After offsetting its award to Whitmore by the outstanding common charges and assessments due to the Board, as well as the attorney's fees incurred by the Board in collecting the unpaid charges and assessments, the court determined that she was entitled to damages in the principal sum of $22,420.88. A judgment in Whitmore's favor and against the Board in the principal sum of $22,420.88 was thereafter entered, and both Whitmore and the Board appeal.

In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority "is as broad as that of the trial court" and it may "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). Moreover, where the trial court is called upon to assess the credibility and weight to be accorded to divergent expert opinions, its factual determinations should not be lightly cast aside (*see Matter of Winston,* 39 AD3d 765 [2007]).

Applying these principles here, we find no reason to disturb the court's determination that the noise generated by the exhaust fans constituted a private nuisance. The elements of a private nuisance cause of action are " (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (*Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564, 570 [1977]; *see Vacca v Valerino,* 16 AD3d 1159 [2005]; *Zimmer-*

*man v Carmack,* 292 AD2d 601 [2002]). The evidence adduced at trial, including Whitmore's testimony that the unreasonable level of noise created by the fans prevented her from using her deck and sleeping in her bedroom, and expert testimony that the noise level in her unit violated noise control provisions of the Administrative Code, was sufficient to satisfy the elements of a private nuisance claim (*see Vacca v Valerino, supra; Mandel v Geloso,* 206 AD2d 699 [1994]). Although the Board's expert concluded that the noise level inside Whitmore's unit did not violate the Administrative Code, we agree with the court's resolution, in Whitmore's favor, of this conflicting testimony and its determination should not be set aside.

Contrary to Whitmore's contention, the court did not err in limiting her damages to the diminished rental value of her unit between 2000 and 2005, as she failed to offer evidence of the rental value of her unit prior to 2000. Moreover, the court properly declined Whitmore's belated request to take judicial notice of the rates established by the City of New York Rent Guidelines Board for rent-stabilized apartments in determining the rental value of her unit prior to 2000 (*see Kolkmeyer v Westhampton Taxi & Limo Serv.,* 261 AD2d 587, 588 [1999]).

Likewise, we agree that the denial of an award of expert fees to the Board was correct. The fees were not incurred to prove the amounts of the assessments and common charges.

The parties' remaining contentions are without merit. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.