ELAINE F. BONDS, Respondent, v LAIDLAW TRANSIT, INC., et al., Appellants. [877 NYS2d 532]—

Appeal from an order of the Supreme Court, Erie County

(Diane Y. Devlin, J.), entered January 16, 2008 in a personal injury action. The order granted plaintiff's motion to set aside the jury verdict and for a new trial.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part, reinstating the verdict on damages and providing that the new trial is on liability only and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained in a motor vehicle accident when a school bus owned by defendant Laidlaw Transit, Inc. and operated by defendant Richard Williams collided with her vehicle in her lane of travel at an intersection. The lane of travel of the school bus was controlled by a stop sign. Following a trial, the jury found that plaintiff was 90% responsible for the accident, and that Williams was 10% responsible. Defendants appeal from an order granting plaintiff's post-trial motion to set aside the verdict in its entirety as against the weight of the evidence and for a new trial.

We conclude that Supreme Court properly granted that part of plaintiff's motion with respect to liability, inasmuch as we conclude that "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict on liability] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *see American Linen Supply Co. v M.W.S. Enters.*, 6 AD3d 1079 [2004], *lv dismissed* 3 NY3d 702 [2004]; *Nordhauser v New York City Health & Hosps. Corp.*, 176 AD2d 787, 789 [1991]).

Here, Williams testified at trial that he was looking at his right side view mirror during the entire course of his right-hand turn into plaintiff's lane of travel; he never observed plaintiff's vehicle at any time until after the collision; and the path of his turn resulted in the school bus entering plaintiff's lane of travel. We thus conclude that "the evidence does not fairly support the jury's apportionment of liability" of 90% to plaintiff (*Kesnig v Kaufmann*, 29 AD3d 956, 957 [2006]).

We conclude, however, that the court erred in granting that part of plaintiff's post-trial motion with respect to damages, and we therefore modify the order accordingly. Whether the injuries sustained by plaintiff were causally related to the accident or to a preexisting condition was sharply disputed at trial, and we conclude on the record before us that the jury's verdict on damages is supported by a fair interpretation of the evidence (*see McEwen v Akron Fire Co.*, 251 AD2d 1044 [1998]; *Matter of Siegel v County of Monroe*, 207 AD2d 959 [1994]). Although

there was conflicting medical testimony presented at trial, there was ample evidence that plaintiff suffered from preexisting cervical disc disease at multiple levels to support the jury's verdict on damages (*see Vaval v NYRAC, Inc.*, 31 AD3d 438 [2006], *lv dismissed* 8 NY3d 1020 [2007], *rearg denied* 9 NY3d 937 [2007]). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.