Hoffinger Industries, Inc., Appellant, v Alabama Avenue Realty, Inc., et al., Respondents, et al., Defendants. [891 NYS2d 430]—

On or about November 17, 1998 the plaintiff conveyed real property located at 966-988 Alabama Avenue in Brooklyn (hereinafter the premises) to the defendant Alabama Avenue Realty, Inc. (hereinafter Alabama). The purchase was financed in part by a mortgage with a rider and a mortgage note executed on November 19, 1998 by Alabama, which required monthly pay-

ments to be made through November 19, 2018 to the plaintiff. The rider provided, inter alia, that Alabama waived its right to interpose any defenses or setoffs whatsoever. The defendant Joseph Berkovitz, also known as Joseph Berkowitz (hereinafter Berkovitz), the sole stockholder and officer of Alabama, executed a guaranty on November 19, 1998 in connection with the mortgage and the note. Berkovitz and the plaintiff also executed a "possession agreement" on November 19, 1998 that allowed the plaintiff to keep certain equipment on the premises for a stated duration and required the plaintiff to pay rent to Alabama after the equipment was on the premises for six months. According to the possession agreement, any equipment remaining after two years "shall be removed at cost of [the plaintiff] which may be offset against mortgage payments to [the plaintiff]." Alabama admittedly defaulted on the mortgage by failing to make payments.

The plaintiff commenced this mortgage foreclosure action and Alabama and Berkovitz (hereinafter collectively the defendants) counterclaimed, seeking an offset against the balance due on the mortgage for unpaid rent for the equipment remaining on the premises. The counterclaim was amended to conform to the proof at the nonjury trial, allowing them to seek an offset for the cost of removing the equipment that remained on the premises. The plaintiffs and the defendants stipulated that the last payment made by Alabama or Berkovitz towards the mortgage was on September 2, 2004 and the balance owed on the mortgage was $821,976.24. The Supreme Court awarded the plaintiff the principal sum of $727,866.94, which included an offset for the cost of removing the equipment in the amount of $220,000, interest at the rate of 16% on the balance due on the mortgage at the time of the default, legal fees, and late fees, and awarded the plaintiff interest at the rate of 9% from August 27, 2008 until the obligation was satisfied pursuant to CPLR 5004.

Contrary to the plaintiff's contention, the Supreme Court properly determined that the defendants were entitled to an offset. Even though the defendants waived their right to interpose an offset in the rider annexed to the mortgage agreement, the rider must be viewed together with the possession agreement, which provided for an offset, since these documents were executed on the same day, by the same parties, and for the same purpose (*see White Rose Food v Saleh*, 292 AD2d 377, 378 [2002], *affd* 99 NY2d 589 [2003]; *TBS Enters. v Grobe*, 114 AD2d 445, 447 [1985]; *BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 852 [1985]).

"In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority 'is as broad as that of the trial court' and it may 'render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' " (*JP Morgan Chase Bank v Whitmore*, 41 AD3d 433, 434 [2007], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Moreover, where the trial court is called to assess the credibility and weight to be accorded to divergent expert opinions, its factual determination should not be lightly cast aside (*see Matter of Winston*, 39 AD3d 765 [2007]). Here, where the defendants' expert and the plaintiff's expert provided conflicting testimony as to the cost of removing the equipment, the trial court acted within its discretion in agreeing with the opinion offered by the defendants' expert that it would cost $220,000 to remove the equipment and its determination should not be set aside (*see JP Morgan Chase Bank v Whitmore*, 41 AD3d at 434).

The Supreme Court acted within its discretion and in accordance with the terms of the rider annexed to the mortgage agreement when it calculated the default interest owed, and when it awarded the plaintiff interest at the statutory rate of 9% from the date the order was issued until the obligation is satisfied (*see* CPLR 5001 [a]; *Dayan v York*, 51 AD3d 964, 965 [2008]; *Danielowich v PBL Dev.*, 292 AD2d 414, 415 [2002]). Furthermore, the Supreme Court properly deducted the offset from the principal amount due prior to calculating the default interest owed since the obligation to remove the equipment arose before the defendants defaulted on the mortgage by failing to make payments. Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.