■ In the Matter of HENDRICK HUDSON CENTRAL SCHOOL DISTRICT, Appellant, v JOANNE FALINSKI, Respondent. HOWARD EDELMAN, Nonparty. [896 NYS2d 435]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration, in which the respondent cross-petitioned to compel arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 8, 2008, which denied the petition and, in effect, granted the cross petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

The Supreme Court properly upheld the arbitration clause contained in a certain settlement agreement between the parties. Although the instant dispute arose from a separately executed indemnification agreement that contained no arbitration clause, the Supreme Court properly read the two agreements together (see Nau v Vulcan Rail & Constr. Co., 286 NY 188 [1941]; Hoffinger Indus., Inc. v Alabama Ave. Realty, Inc., 68 AD3d 818 [2009]; Sharper Props. Enters., Inc. v Hubbard Sand & Gravel, Inc., 12 AD3d 494, 495 [2004]; White Rose Food v Saleh, 292 AD2d 377, 378 [2002], affd 99 NY2d 589 [2003]; BWA Corp. v Alltrans Express U.S.A., 112 AD2d 850, 852 [1985]).

Further, the petitioner is estopped from avoiding enforcement of the indemnification agreement, inasmuch as it was aware of the existence of that agreement as part of the settlement agreement, the parties conducted themselves in reliance on the indemnification agreement, and the respondent would be prejudiced if the petitioner avoided enforcement of the indemnification agreement since she accepted the terms of the settlement agreement and performed thereunder (see First Union Natl. Bank v Tecklenburg, 2 AD3d 575, 577 [2003]). In addition,

the respondent was entitled to rely upon the letter of the petitioner's former Superintendent of Schools advising her that the petitioner acted on June 23, 1999 and "ratified and confirmed all actions taken and signatures executed with regard to the settlement agreement, [which] *included execution of the indemnification agreement*" (emphasis added).

Moreover, the indemnification agreement is not unenforceable pursuant to Retirement and Social Security Law § 113 (a) and § 470 since it exists separately from the New York State Teachers' Retirement System (*see Ballentine v Koch*, 89 NY2d 51, 59 [1996]; *Matter of City of Plattsburgh [Plattsburgh Police Officers Union AFSCME Local 82]*, 250 AD2d 327 [1998]).

The petitioner's remaining contention is without merit. Skelos, J.P., Florio, Hall and Austin, JJ., concur.