Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 10, 2012, which granted plaintiffs motion to strike defendant’s affirmative defenses and for summary judgment in the amount of $402,952.22, based on a written guaranty making defendant personally liable for certain unpaid rent, and directed a hearing to determine the reasonable attorneys’ fees to be awarded to plaintiff, unanimously affirmed, with costs.
On or about September 21, 1994, defendant entered into a personal guaranty with plaintiff landlord, agreeing to pay any unpaid rent pursuant to a lease between plaintiff and nonparty tenant prior to tenant surrendering the “premises.” Although *552 the “premises” of the original lease was the second, floor only, the guaranty also contained a provision stating: “If the Lease is modified by agreement between Landlord [plaintiff] and Tenant, the obligations hereunder of the Guarantor shall extend and apply with respect to the Lease, as modified.” On or about December 4, 2002, plaintiff and tenant entered into an extension and modification agreement, combining the tenant’s first-floor lease, including part of the basement, with the second floor lease, and deeming it “one lease for the [newly defined] demised premises,” which included the first floor, a portion of the basement and the second floor. All provisions of the first-floor lease and the second-floor lease remained in full force and effect, except as modified. On or about January 30, 2006, tenant entered into an amended and partial surrender of lease agreement, by which the tenant surrendered the second floor of the premises. This agreement expressly defined the “original lease” as including both the first-floor lease and the second-floor lease.
The motion court properly found that tenant’s surrender of the second floor did not extinguish the guaranty, as the second-floor lease had been modified to include the first-floor lease. Such modification fell within the guaranty, and extended and applied defendant’s guaranty obligations to the new modified lease (see Davimos v Halle, 60 AD3d 576, 577 [1st Dept 2009], lv denied 13 NY3d 713 [2009], citing Banque Worms v Andre Café., 183 AD2d 494 [1st Dept 1992]; see also White Rose Food v Saleh, 292 AD2d 377, 378 [2d Dept 2002], affd 99 NY2d 589 [2003]). Concur — Gonzalez, P.J., Tom, Saxe, Manzanet-Daniels and Gische, JJ.