■ BRENTON ADAMS, Appellant, v KENT SECURITY OF NEW YORK, INC., Respondent. [68 NYS3d 58]—

Order, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered August 5, 2016, which granted defendant's motion to compel arbitration, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings consistent herewith.

In connection with his employment by defendant, plaintiff executed an arbitration agreement in which he agreed to submit any claims arising out of his employment to binding arbitration before the American Arbitration Association (AAA) in Miami-Dade County, Florida. The arbitration agreement further provides that the prevailing party is entitled to recover

costs, including reasonable attorneys' fees, and provides for application of the AAA's rules, including the rule concerning expenses which requires the parties to share all arbitration expenses other than the expenses of their own witnesses.

In this putative class action law suit, plaintiff asserts a single claim for untimely payment of wages in violation of Labor Law § 191 and seeks to recover liquidated damages and attorney's fees under Labor Law § 198. Defendant moved to compel arbitration pursuant to the arbitration agreement (CPLR 7503), and plaintiff opposed, arguing that he had not agreed to arbitrate Labor Law claims, that any such agreement would be against public policy, and that, based on his limited financial means, as detailed in a supporting affidavit, the fee splitting and venue provisions of the agreement render arbitration financially prohibitive.

New York has a "long and strong public policy favoring arbitration," and "courts interfere as little as possible with the freedom of consenting parties to submit disputes to arbitration" (*Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 49-50 [1997] [internal quotation marks omitted]). As a general matter, therefore, a clear and unmistakable agreement to arbitrate statutory wage claims is not unenforceable as against public policy (*see Flynn v Labor Ready*, 6 AD3d 492 [2d Dept 2004]; *see generally Tamburino v Madison Sq. Garden, LP*, 115 AD3d 217, 222-223 [1st Dept 2014]; *Pierre v Mary Manning Walsh Nursing Home Co., Inc.*, 93 AD3d 541, 541-542 [1st Dept 2012]).

However, the court erred in failing to address plaintiff's contention that, because of his financial circumstances, requiring him to arbitrate, and to do so in Florida, would preclude him from pursuing his claims (*Matter of Brady v Williams Capital Group, L.P.*, 14 NY3d 459 [2010]). Acknowledging the "strong state policy favoring arbitration . . . and the equally strong policy requiring the invalidation of such agreements when they contain terms that could preclude a litigant from vindicating his/her statutory rights in the arbitral forum" (*id.* at 467), the Court of Appeals in *Brady* held, as here relevant, that, "in this context, the issue of a litigant's financial ability [to arbitrate] is to be resolved on a case-by-case basis and that the inquiry should at minimum consider the following questions: (1) whether the litigant can pay the arbitration fees and costs; (2) what is the expected cost differential between arbitration and litigation in court; and (3) whether the cost differential is so substantial as to deter the bringing of claims in the arbitral forum. Although a full hearing is not required in all

situations, there should be a written record of the findings pertaining to a litigant's financial ability" (*id.*).

Applying the foregoing standard, we hold that plaintiff has made a preliminary showing that the fee sharing and venue provisions in the arbitration agreement have the effect of precluding him from pursuing his statutory wage claim in arbitration. We remand for further proceedings, consistent with *Brady*, which, at a minimum, would include proof of plaintiff's income and assets, as well as proof of the expected costs and fees to arbitrate this dispute in Florida. Because the parties' arbitration agreement contains a severability clause, in the event plaintiff prevails on his claim that the aforementioned fee sharing and venue provisions should be held unenforceable under *Brady*, the matter should proceed to arbitration in New York, with defendant to bear the costs of the arbitration.

In addition, plaintiff challenges that part of the arbitration agreement permitting defendant, if it prevails in arbitration, to recover attorneys' fees. He argues that he would be unable to afford such fees, and that their recovery is not authorized under Labor Law § 198 (1), which only provides for costs and limited expenses to a prevailing plaintiff enforcing a wage claim. While *Brady* did not expressly address this issue, by extension of its logic, the risk of plaintiff having to pay defendant's attorneys' fees, if it prevails, may be taken into account in considering whether the total costs associated with arbitration preclude plaintiff from pursuing his claim in the arbitral forum. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.