| CRI Holdings Inc. v Red Hook 160 LLC |
|:---:|
| 2024 NY Slip Op 34200(U) |
| November 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652624/2022 |
| Judge: Suzanne J. Adams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. SUZANNE J. ADAMS                    PART            39M

_Justice_

-------------------------------------------------------------------X

CRI HOLDINGS INC.,

                      Plaintiff,

- v -

RED HOOK 160 LLC, EST4E FOUR CAPITAL LLC a/k/a
ESTATE FOUR LLC,

                      Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652624/2022 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 116, 117, 118, 119, 120, 121, 122, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135
were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, it is ordered that plaintiff's motion to reargue two prior motions is granted, and upon reargument, plaintiff's defaults are vacated and this court's prior orders are reinstated as discussed hereinbelow. This matter arises out of the renovation and construction of a residential and commercial property located in Brooklyn, New York. By decision and order dated June 30, 2023, this court denied plaintiff's motion (mot. seq. 001) for a default judgment against defendant Red Hook 160 LLC ("Red Hook") and granted Red Hook's cross-motion for arbitration. By order of the same date this court also denied defendant Est4e Four Capital LLC a/k/a/ Estate Four LLC's ("Estate Four") motion to dismiss (mot. seq. 002). Thereafter, Estate Four moved pursuant to CPLR 2221 to reargue the denial of its motion to dismiss (mot. seq. 004) and plaintiff moved pursuant to CPLR 2221 to reargue the denial of its motion for a default against Red Hook and the granting of Red Hook's cross-motion for arbitration (mot. seq. 005). Plaintiff failed to appear at the December 4, 2023, oral argument of both motions, and by the decision and orders dated December 4, 2023 (and amended on December 11, 2023) this

court granted, on default, Estate Four's motion to reargue, and dismissed plaintiff's complaint as to Estate Four (mot. seq. 004); and denied, on default, plaintiff's motion to renew and re-argue the order denying entry of default as to Red Hook and directing plaintiff and Red Hook to proceed to arbitration (mot. seq. 005). Plaintiff now moves pursuant to CPLR 5015 (a) (1) to vacate the orders on mot. seqs. 004 and 005 dated December 4, 2023, and amended December 11, 2023, and to reargue the court's decisions on mot. seqs. 001 and 002. Both defendants oppose the motion.

Plaintiff claims a reasonable excuse of law office failure on the part of its prior counsel that resulted in its default in appearance at the December 4, 2023, oral argument of the motions to renew and/or reargue. In support, plaintiff submits the affirmation of its prior counsel who states that his one-time failure to appear on said date was not willful, but due to the downsizing of his firm, struggling to practice as a solo practitioner, and confusion of the appearance date (*see* (NY St Cts Elec Filing [NYSCEF] Doc No. 120, Affirmation of Friedlander). A party seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for failing to appear and a meritorious claim (*see Brown v Suggs*, 38 AD3d 329, 329 [1st Dept 2007] [citations omitted]). Given the strong public policy of this State to dispose of cases on their merits, absent evidence of any willful or contumacious conduct, it is well-settled that one reasonable excuse for failing to answer, appear, or otherwise respond is law office failure (*see Alliance for Progress, Inc. v Blondell Realty Corp.*, 114 NYS3d 656, 656 [1st Dept 2024]; *see also Cornwall Warehousing, Inc. v Lerner*, 171 AD3d 540, 541 [1st Dept 2019] ["[p]laintiffs demonstrated a reasonable excuse for their default . . . based on law office failure, as detailed in the affirmation of their former counsel who miscalendared the motion"]).

Here, the court finds that plaintiff's one-time failure to appear on December 4, 2023, based on law office failure constitutes a reasonable excuse. The moving papers include detailed and

652624/2022   CRI HOLDINGS INC. vs. RED HOOK 160 LLC ET AL
Motion No. 006

Page 2 of 5

credible explanations of the default by reason of law office failure on the part of plaintiff's prior counsel (*see cf. Crudele v Price*, 218 AD3d 534, 535 [2d Dept 2023]). Plaintiff has established its conduct was not willful or contumacious, and defendant has failed to refute that plaintiff's failure to appear was plaintiff's first instance of nonappearance in this case. In addition, plaintiff's factually detailed affidavit is sufficient to establish a potentially meritorious cause of action. As such the motion to reargue mot. seqs. 004 and 005 is granted.

With respect to mot. seq. 005, this court's decision and order of December 4, 2023, and amended December 11, 2023, is vacated, as it reflects plaintiff's default. However, upon reargument of the court's decision and order of June 30, 2023 (mot. seq. 001), said order is reinstated, such that plaintiff's motion for a default judgment against Red Hook is denied, and Red Hook's cross-motion is granted to the extent that this matter is stayed as against Red Hook, and plaintiff and Red Hook shall proceed to arbitration. There is no question that said parties entered into valid and enforceable agreements to arbitrate the claims being alleged in the action. The plain language of the arbitration provisions in the April and July agreements, which states that "both parties hereby agree that any controversy or claim that either party may claim relating and/or arising from this Agreement and/or Project shall be settled exclusively by binding arbitration . . ." is a "[r]equisite clear and unambiguous expression that the parties intended to mandate arbitration of their dispute" (*see Muriel Siebert & Co. v Intuit, Inc.*, 11 AD3d 415, 415 [1st Dept 2004] [citations omitted]). Additionally, "New York has a long and strong public policy favoring arbitration . . ." (*Adams v Kent Sec. of N.Y., Inc.*, 156 AD3d 588, 589 [1st Dept 2017] [internal quotation marks and citations omitted]). Plaintiff's arguments of waiver are unavailing as the record demonstrates it did not oppose Red Hook's cross-motion to compel arbitration and are improperly raised for the first time. Regardless, arbitration is not waived by submission of a pre-

**652624/2022   CRI HOLDINGS INC. vs. RED HOOK 160 LLC ET AL**
Motion No.  006

**Page 3 of 5**

answer motion to dismiss (*see Matter of Long Is. Power Auth. Hurricane Sandy Litg.*, 165 AD3d 1138, 1143 [2d Dept 2018]); *see also Flynn v Labor Ready, Inc.*, 6AD3d 492 [2d Dept 2004]).

With respect to mot. seq. 004, this court's decision and order of December 4, 2023, and amended December 11, 2023, is vacated in its entirety, and upon reargument of the court's decision and order of June 30, 2023 (mot. seq. 002), the motion to reargue is denied and said decision and order is reinstated, such that the dismissal of plaintiff's action as to Estate Four is vacated. As discussed in the June 30, 2023, decision (mot. seq. 002), the record before the court does not support dismissal of the action as against Estate Four. Plaintiff's indemnification claim is enforceable because a finding of an intent to injure was not made in the Federal action, therefore, "[n]othing in the public policy of this State precludes indemnity for compensatory damages from a defendant's volitional act" (*see Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 399-401 [1981]). The indemnification agreement in essence indemnifies plaintiff's agent "[i]ncluding all of its attorney and defense fees and expenses arising from any and all claims . . ." (*see* NYSCEF Doc No. 122, Indemnification Agreement). This is similar to the indemnification provisions in the April and July agreements, which indemnifies and holds plaintiff harmless "without exception from any and all claims . . . including all reasonable attorney and defense fees arising from any and claims related to the agreement and/or arising from and all claims related to the project and/or client." The agreements are interwoven and must be read together, as part of the same transaction (*see Markowits v Friedman*, 144 AD3d 993, 997 [2d Dept 2016], citing *Matter of Hendrick Hudson Cent. Sch. Dist. v Falinski*, 71 AD3d 769, 769 [2d Dept 2010] ["Although the instant dispute arose from a separately executed indemnification agreement that contained no arbitration clause, the Supreme Court properly read the two agreements together"]).

Accordingly, it is hereby

652624/2022   CRI HOLDINGS INC. vs. RED HOOK 160 LLC ET AL
Motion No. 006

Page 4 of 5

[* 4]

4 of 5

ORDERED that plaintiff CRI Holdings Inc.'s motion to vacate its default herein is hereby granted and the decision and orders of this court dated December 4, 2023, and amended December 11, 2023, granting Est4e Four Capital LLC a/k/a Estate Four LLC's motion (mot. seq. 004) and denying plaintiff CRI Holding Inc.'s motion (mot. seq. 005), are hereby vacated; and it is further

ORDERED that this court's decision and orders dated June 30, 2023, pertaining to mot. seqs. 001 and 002 are hereby reinstated, such that plaintiff and defendant Red Hook 160 LLC are directed to proceed to arbitration, and defendant Est4e Four Capital LLC a/k/a Estate Four LLC's motion to dismiss is denied.

This constitutes the decision and order of the court.

| 11/26/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **SUZANNE J. ADAMS, J.S.C.** | |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**652624/2022   CRI HOLDINGS INC. vs. RED HOOK 160 LLC ET AL**
**Motion No.  006**

**Page 5 of 5**

5 of 5